**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Daniel GARCIA–ALVAREZ, aka,**
**Alberto Rodriguez Alvarez,**
**Defendant–Appellant.**

No. 00–30380.
D.C. No. CR–00–29–JDS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 9, 2001.

Decided Nov. 16, 2001.

Before B. FLETCHER, McKEOWN, and RICHARD C. TALLMAN, Circuit Judges.

## MEMORANDUM [*]

Daniel Garcia–Alvarez appeals the denial of his motion to suppress evidence and his conviction after entering a conditional guilty plea to three counts of possession of heroin, methamphetamine, and cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

We review a district court's denial of a motion to suppress evidence de novo and its factual findings for clear error. *See United States v. Murillo*, 255 F.3d 1169, 1174 (9th Cir.2001). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Garcia–Alvarez contends that: 1) the district court erred in denying his motion to suppress evidence because he did not voluntarily consent to a search of his residence for narcotics; 2) even if the consent to search was proper, it exceeded the scope of his consent; and 3) the district court erred in refusing to suppress statements he made during the search and, later, at the county jail. We reject his contentions as follows:

(1) Under the totality of the circumstances, and when we apply the five *Castillo* factors, Garcia–Alvarez's consent was voluntarily given. *See United States v. Castillo*, 866 F.2d 1071, 1082 (9th Cir. 1988). Garcia–Alvarez remained capable of providing valid consent while in custody; the agents' weapons remained holstered and concealed throughout the encounter; he was not under interrogation during the extended search of his residence, so no

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*Miranda* warnings were required; and the agents did not threaten that a search warrant could be obtained. Further, Garcia's ethnicity and lack of education were irrelevant under the facts of this case, given the bilingual consent form signed by Garcia–Alvarez and his experience as a prior convicted drug dealer. The district court's decision that Garcia–Alvarez voluntarily consented to the search of his residence was not clearly erroneous.

(2) The search of Garcia–Alvarez's residence was within the scope of his consent because he signed an unrestricted consent form that stated that the agents had permission to search the residence listed, and at no time during the course of the search did Garcia–Alvarez object to its scope. Moreover, the use of a canine in this context was not more intrusive than Garcia–Alvarez envisioned when he gave his consent. The district court did not err in finding the agents' search was within the scope of Garcia–Alvarez's consent.

(3) Garcia–Alvarez's spontaneous and voluntary identification of the type of narcotics found by the agents did not implicate his constitutional rights. Similarly, his post-*Miranda* statements at the county jail were voluntary and intelligently given. Although the district court failed to make any factual findings regarding the suppression of these statements, the record supports its decision. *See United States v. Becker,* 23 F.3d 1537, 1539 (9th Cir.1994).

AFFIRMED.